IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **JANET D'ANDREA**<br>501 Hungerford Drive,<br>Rockville, MD. 20850<br>  Plaintiff,<br><br>        v.<br><br>**PARAGON SYSTEMS, INC.**<br>2703 Martin Luther King Jr. Ave. S.E.<br>Washington, D.C. 20032<br><br>  Defendant. | Civil Action No. ----------------<br><br><br><br>**Jury Requested** |

## COMPLAINT

**COMES NOW** Plaintiff, Janet D'Andrea, hereinafter ("Plaintiff" or "Ms. D'Andrea"), by and through her undersigned counsel, and sues Paragon Systems, Inc. ("Paragon" or "Defendant"), and for cause of action states, as follows:

### INTRODUCTION

1. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352), 42 U.S.C. §§ 2000e-5(f) and 42 U.S.C. § 2000e-16 ("Title VII"), as amended, for the Defendant's unlawful sex discrimination and retaliation against the Plaintiff.

2. Prior to her termination, the Plaintiff in this case, Ms. D'Andrea, had been a loyal and solid performing employee of the Defendant, for approximately five (5) years.

3. During her employment with Paragon, MS. D'Andrea performed her job duties at a level that met or exceeded her employer's expectation.

4. Ms. D'Andrea has been subjected to discrimination and retaliation perpetuated by managerial agents at Paragon that included disparate treatment in comparison with her similarly

situated male colleagues, false allegations of misconduct, unwarranted discipline, and ultimately her unlawful termination.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Complaint pursuant to Section 2000(e) *et. seq.*, Title VII of the Civil Rights Act of 1964, *as amended*, and 28 U.S.C. Sections 1331, 1337 and 1343.

6. Venue is proper in the District of Columbia under 42 U.S.C. § 2000e-5(f) (3), incorporated in 42 U.S.C. § 2000e-16(d), because the events giving rise to the claims occurred in the District of Columbia, and because, on information and belief, the relevant employment records are in the District of Columbia.

## EXHAUSTION OF REMEDIES

7. On or about June 1, 2018, Ms. D'Andrea filed her complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of sex.

8. On November 19, 2018, Ms. D'Andrea amended her complaint to include retaliation for engaging in protected activity.

9. On June 21, 2019, the EEOC issued the dismissal and notice of rights to Ms. D'andrea

10. Plaintiff now timely files this civil action within ninety days (90) of the receipt of the notice of rights.

11. Plaintiff has exhausted her administrative remedies

## PARTIES

12. Plaintiff, Ms. D'Andrea, was a female employee of Defendant. Plaintiff is a resident of the State of Maryland.

13. Plaintiff is currently domiciled at 501 Hungerford Drive, Rockville, Maryland,

20850.

14. The Defendant, Paragon, is a corporation providing security services within the District of Columbia.

## **FACTS**

15. Plaintiff, Ms. D'Andrea, a female, was employed by Paragon as a Protective Security Officer beginning in June 2013.

16. On May 7, 2018, Ms. D'Andrea was harassed by Defendant's management employees when she was required by her shift supervisor to remove her vehicle from the Coast Guard Garage Parking garage.

17. This requirement that Ms. D'Andrea remove her vehicle from the parking garage was not enforced on her similarly situated male co-workers.

18. At the time that Ms. D'Andrea was required to move her vehicle, the vehicles of several male Protective Security Officers were already parked in the parking garage.

19. Ms. D'Andrea's supervisor was aware of this fact but only required that Ms. D'Andrea move her vehicle.

20. Though Ms. D'Andrea protested this disparate treatment to her shift supervisor, she was berated, threatened with discipline, and ultimately required to comply.

21. On May 9, 2018, Defendant continued its campaign of harassment against Ms. D'Andrea by suspending her.

22. Defendant's management employees alleged that Ms. D'Andrea's suspension was the result of allegations of destruction of government property and use of inappropriate language in the workplace on May 7, 2018 and Defendant's need to investigate these allegations.

23. At no time did Ms. D'Andrea destroy any property belonging to Defendant's government client.

24. Though similarly situated male co-workers also used profanity in the work place with management's knowledge, Ms. D'Andrea's male co-workers were not similarly investigated or suspended.

25. On June 1, 2018 after almost a month of being on suspension, Ms. D'Andrea filed a complaint of discrimination with the EEOC.

26. On June 13, 2018, Defendant terminated Ms. D'Andrea's employment.

27. Defendant alleged that Ms. D'Andrea's termination was the result of its investigation into her conduct, but this was but pretext for retaliatory animus harbored against Ms. D'Andrea as a result of her complaint to the EEOC.

28. As a result of Defendant's conduct, Ms. D'Andrea has suffered, and will continue to suffer, irreparable loss and injury, including but not limited to, pain and suffering, economic loss, humiliation, embarrassment, indignity, mental and emotional distress, and the deprivation of his rights to equal employment opportunity.

29. Through the actions of Defendant's employees, agents, and/or representatives described above, Defendant acted intentionally, maliciously, oppressively, and with willful, callous, wanton, and reckless disregard for Plaintiff's rights, without Plaintiff in anyway contributing thereto.

30. Through the actions of Defendant's employees, agents, and/or representatives described above, Defendant acted intentionally, maliciously, oppressively, and with willful, callous, wanton, and reckless disregard for Plaintiff's rights, without Plaintiff in anyway contributing thereto.

## **COUNT ONE**

**(VIOLATION OF TITLE VII-SEX DISCRIMINATION)**

31. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 30 above, as if fully set forth herein.

32. Title VII prohibits discrimination in employment on the basis of race.

33. Ms. D'Andrea is a member of a protected class (female); she has been subjected to differential treatment, and subjected to adverse actions, based on her sex; and the discriminatory environment she experienced affected a term, condition, or privilege of her employment.

34. As an employer within the definition of the statute, Paragon must comply with Title VII.

35. Employees who were not female were treated more favorably by being held to a lower standard in terms of discipline and being free from harassment by Paragon's management. Ms. D'Andrea was not allowed the same privileges of employment and was ultimately disciplined and suspended for conduct for which her male co-workers were not subject to disciplinary action.

36. The foregoing actions by Defendant constitute discrimination against the Plaintiff because of her sex, and infringe on her exercise and enjoyment of her right to be free from unlawful and discriminatory employment practices, in violation of Title VII.

37. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: humiliation, pain and suffering, emotional distress, medical costs and treatment, termination of employment, lost earnings, lost benefits, and other financial loss.

## COUNT TWO

### (VIOLATION OF TITLE VII-RETALIATION)

38. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 37 above, as if fully set forth herein.

39. Title VII prohibits retaliation in employment and protects employees engaging in statutorily protected activity.

40. As an employer within the definition of the statute, Paragon must comply with Title VII.

41. Ms. D'Andrea engaged in EEO activity when she filed a complaint with the EEOC; she was retaliated against when she was unfairly disciplined and terminated; the prior EEO activity was in extremely close proximity to her protected activity; and the retaliation she experienced affected a term, condition, or privilege of her employment.

42. The foregoing actions by Defendant constitute retaliation against Plaintiff because of her opposition to unlawful and discriminatory employment practices and/or because she made a charge of unlawful and discriminatory employment practices, in violation of Title VII.

43. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: humiliation, pain and suffering, emotional distress, medical costs and treatment, lost earnings, lost benefits, and other financial loss.

44. By reason of Defendant's retaliation, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Janet D'Andrea, respectfully prays that this Court grant her the following relief:

a.) Enter a declaratory judgment finding that the foregoing actions of Defendant violated Title VII.

b.) Order the Defendant to reinstate Plaintiff to a new position with new first-line supervision;

c.) Order the Defendant institute a policy and procedure to be implemented against discrimination;

d.) Order Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

e.) Order supervisory training for the supervisors at issue herein;

f.) Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00), which would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress caused by the conduct of Defendant alleged herein;

g.) Award back pay and benefits, with interest;

h.) Award front pay;

i.) Award reasonable attorney fees, costs, and expenses incurred for this action;

j.) Award equitable, declaratory, and injunctive relief; and

k.) Order such other relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues in this case so triable.

Dated: September 19, 2019

    Respectfully submitted,

/S/ K. Scott R0cio
K. Scott Rocio, Esq.

TULLY RINCKEY PLLC
815 Connecticut Avenue N.W., Suite 720
Washington, DC 20006
Phone: (202) 787-1900
Fax: (202) 640-2059
krocio@fedattorney.com

**ATTORNEY FOR PLAINTIFF**